IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIP I. ROLFE and WAYNE PETERSON,

                              Plaintiff,

    v.

NETWORK FUNDING LP,

                              Defendant.

ORDER

14-cv-9-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Philip I. Rolfe and Wayne Peterson are suing defendant Network Funding LP for fraud and violations of the Wisconsin Franchise Investment Law and the Wisconsin Fair Dealership Law.  Plaintiffs allege that they invested "tens of thousands of dollars" to open "a Network Funding location" in Madison, Wisconsin, relying on defendant's representations that "the Madison location would be Plaintiffs' business to run."  Am. Cpt. ¶¶ 9-11.  However, they allege that they never obtained an ownership interest in the business.  Id. at ¶ 18.  Plaintiff Rolfe says that he "left Network Funding because they unilaterally changed their business model, which drastically reduced his ability to make money."  Id. at ¶ 16.  Plaintiff Peterson says that defendant "fired" him.  Id. at ¶ 17.

      Defendant has filed a motion to dismiss the complaint as to plaintiff Peterson's claims on the ground that a forum selection clause requires the case to be litigated in Texas, dkt. #12, but there are matters the parties must address before I can resolve that motion.  First,

1

in removing this case from state court under 28 U.S.C. §§ 1441 and 1446, defendant relied on 28 U.S.C. § 1332 as a basis for jurisdiction. Under § 1332, the proponent of jurisdiction (defendant in this case) must show that the plaintiffs and defendants are citizens of different states and that the amount in controversy is greater than $75,000. Although defendant has met its burden with respect to the amount of controversy, questions remain about diversity of citizenship.

With respect to the amount in controversy, defendant attached an email to its notice of removal in which plaintiff Peterson itemized more than $100,000 in damages. Dkt. #2-1. Although defendant did not provide any specific information about plaintiff Rolfe's damages, that is not required. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005) (supplemental jurisdiction statute, 28 U.S.C. § 1367, permits exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy minimum amount-in-controversy requirement, as long as other elements of diversity jurisdiction are present and at least one named plaintiff satisfies amount-in-controversy requirement).

With respect to diversity of citizenship, defendant says that plaintiffs are "residents" of Wisconsin. However, an individual's citizenship under § 1332 is determined not by his residency, but by his "domicile," which is "the state in which [he] intends to live over the long run." Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). The Court of Appeals for the Seventh Circuit has stated in numerous cases that allegations about residency are not enough. In re Sprint Nextel Corp., 593 F.3d 669, 673-74 (7th Cir. 2010) ("[B]eing a resident isn't the same thing as being a citizen, that is to say, a domiciliary . . .

2

. [A] court may not draw conclusions about the citizenship of [parties] based on things like their phone numbers and mailing addresses."). See also Heinen, 671 F.3d at 670 ("'[C]itizenship' for the purpose of 28 U.S.C. § 1332 depends on domicile rather than residence."); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998). Thus, defendants must identify not just where plaintiffs live, but whether they intend to remain there. Defendants may accomplish this with a stipulation or with circumstantial evidence. Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) (looking at party's voter registration, property ownership and tax information to determine domicile).

With respect to defendant's citizenship, defendant says that it is a limited partnership. The general rule is that the citizenship of a partnership is determined through the citizenship of each of the partners, New West, L.P. v. City of Joliet, 491 F.3d 717, 720 (7th Cir. 2007), but defendant does not identify any of its members or their states of citizenship. I will give defendant an opportunity to provide the missing facts. 28 U.S.C. § 1653 (defective jurisdictional allegations may be cured through amendment).

Another potential problem is that defendant filed its motion to dismiss under Fed. R. Civ. 12(b)(3), but in Atlantic Marine Construction Co., Inc. v. United States District Court for Western District of Texas, 134 S. Ct. 568 (2013), the Supreme Court held that a forum selection clause must be enforced through a motion to transfer under 28 U.S.C. § 1404 or through the doctrine of forum non conveniens. After plaintiffs noted this problem in their opposition brief, defendant argued for the first time in its reply brief that plaintiff

Peterson's claims should be dismissed under the doctrine of forum non conveniens. However, the standard for dismissal under Rule 12(b)(3) is not the same as the standard under the forum non conveniens doctrine, which means that plaintiffs have not had an opportunity to respond to defendant's argument under the appropriate standard. Rather than require defendant to file a new motion, I will give plaintiffs an opportunity to file a surreply brief.

### ORDER

IT IS ORDERED that

1. Defendant Network Funding LP may have until April 10, 2014, to file supplemental materials showing that jurisdiction is present under 28 U.S.C. § 1332. If defendant does not respond by that date, I will remand the case to state court.

2. Plaintiffs Philip I. Rolfe and Wayne Peterson may have until April 10, 2014, to file a surreply brief in opposition to defendant's motion for partial dismissal.

Entered this 27th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge