IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIP I. ROLFE and WAYNE PETERSON,

                            OPINION AND ORDER

            Plaintiff,

                            14-cv-9-bbc

     v.

NETWORK FUNDING LP,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Philip I. Rolfe and Wayne Peterson are suing defendant Network Funding LP for fraud and violations of the Wisconsin Franchise Investment Law and the Wisconsin Fair Dealership Law relating to a business venture that fell apart. After reviewing the supplemental materials filed by the parties, dkt. ## 22 and 23, I am persuaded that subject matter jurisdiction is present under 28 U.S.C. § 1332 because the parties' citizenship is diverse (plaintiffs are citizens of Florida and Wisconsin; defendant is a citizen of Texas) and the amount in controversy is greater than $75,000.

      Defendant has filed a motion to dismiss the complaint as to plaintiff Peterson's claims on the ground that a forum selection clause requires his claims to be litigated in Texas state court. Dkt. #12. Although defendant filed its motion under Fed. R. Civ. P. 12(b)(3) for improper venue, defendant acknowledged in its reply brief that a forum selection clause must be enforced through a motion to transfer under 28 U.S.C. § 1404 or through the doctrine

1

of forum non conveniens. Atlantic Marine Construction Co., Inc. v. United States District Court for Western District of Texas, 134 S. Ct. 568 (2013). Accordingly, I allowed plaintiffs to file a surreply brief so that they could respond to defendant's arguments under the proper standard.

Having reviewed the parties' materials, I conclude that plaintiffs have failed to show that the forum selection clause is unenforceable, so I am granting defendant's motion.

OPINION

The threshold question is whether the forum selection clause in the parties' agreement is valid, which is a separate question from the analysis under 28 U.S.C. § 1404 or the forum non conveniens doctrine. Atlantic Marine Construction Co., Inc. v. United States District Court for Western District of Texas, 134 S. Ct. 568, 580-81 n.5 (2013) (in case applying § 1404 to forum selection clause, stating that its analysis "presupposes a contractually valid forum-selection clause").

As I noted in Tuminaro v. Garland Co., Inc., 11-cv-203-bbc, 2011 WL 10501186 (W.D. Wis. May 6, 2011), it remains an open question in this circuit whether a federal court in a diversity case should look to federal law, state law or both when deciding whether a forum selection clause is valid. In several cases, the Court of Appeals for the Seventh Circuit has declined to resolve the question on the ground that the choice of law would not have made a difference to the outcome. Kochert v. Adagen Medical International, Inc., 491 F.3d 674, 677 (7th Cir. 2007); Abbott Laboratories v. Takeda Pharmaceutical Co. Ltd., 476 F.3d

2

421, 423 (7th Cir. 2007); Muzumdar v. Wellness International Network, Ltd., 438 F.3d 759, 761 (7th Cir. 2006); IFC Credit Corp. v. Aliano Bros. General Contractors, Inc., 437 F.3d 606, 608 (7th Cir. 2006).  See also Israeli v. Dott. Gallina S.R.L., 632 F. Supp. 2d 866, 868 (W.D. Wis. 2009) (declining to decide whether forum selection clause was governed by Wisconsin law or federal law because the parties "agree[d] that Wisconsin law and federal law are the same").  In this case, both sides rely on federal law and state law, so I will do the same.

Plaintiffs acknowledge that forum selection clauses are presumed valid under both state and federal law, but they argue that the forum selection clause should not be enforced in this case because the agreement in which it is contained "was not freely negotiated." Plts.' Br., dkt. #17, at 6.  Plaintiffs cite M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10 (1972), in which the Court stated that "a freely negotiated private . . . agreement, unaffected by fraud, undue influence, or overweening bargaining power . . . should be given full effect," and Converting/Biophile Laboratories, Inc. v. Ludlow Composites Corp., 2006 WI App 273, ¶ 22, 296 Wis. 2d 273, 285–86, 722 N.W.2d 633, 639–40, in which the court stated that a forum selection clause will not be enforced if it is unconscionable. In neither of the cases did the court adopt the vague standard that plaintiff offers.  In any event, plaintiffs have not shown that they were unable to negotiate the agreement.

Plaintiff Peterson says that, "[h]ad I refused to execute the Branch Agreement, it was my understanding that Network Funding would have terminated our ownership arrangement in the Madison Network Funding location," Peterson Dec. ¶ 6, dkt. #18, but he does not

3

provide any basis for his "understanding." After defendant pointed out this problem in its reply brief, Peterson filed a supplemental declaration in which he stated that defendant's regional account manager "represented that I needed to sign the Branch Agreement in order to maintain my business relationship with Network Funding." Peterson Dec. ¶ 5, dkt. #26. Even if I assume that the regional account manager had authority to terminate the business relationship, this vague statement does not help plaintiffs because it shows only that the defendant wanted to have a written agreement with Peterson; it does not support the view that the agreement was nonnegotiable. Further, plaintiffs do not even attempt to develop an argument that the agreement meets the standard for duress or unconscionability under state or federal law. Certainly, plaintiffs have not made any showing that Peterson's agreement with defendant was made under less fair terms than the forum selection clause in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), in which the Court held that a forum selection clause appearing within a form contract provision printed on a cruise ticket purchase contract was enforceable.

Plaintiffs also say that the agreement states that it is "effective April 5, 2011" even though Peterson did not sign it until July 25, 2012. However, this argument is a nonstarter because Peterson does not suggest that any of his claims arise out of events that occurred before July 25, 2012 and he does not identify any other reason why an incorrect effective date would be relevant in determining whether a forum selection clause is valid.

Next, plaintiffs say that the forum selection clause violates public policy embodied in the Wisconsin Fair Dealership Law. However, that argument is another nonstarter

4

because plaintiffs concede that "forum selection clauses are not automatically voided by the WFDL," Plts.' Br., dkt. #17, at 8-9 (citing Wins Equip., LLC v. Rayco Manufacturing, Inc., 668 F. Supp. 2d 1148, 1153 (W.D. Wis. 2009)), and plaintiffs do not point to any special factors in this case that would weigh against enforcement, other than the ones I have rejected. See also Brio Corp. v. Meccano S.N., 690 F. Supp. 2d 731, 756 (E.D. Wis. 2010) (forum selection clause may be enforced in case arising under Wisconsin Fair Dealership Law); DeTemple v. Leica GeoSystemes, Inc., 08-CV-281, 2009 WL 3617616 (E.D. Wis. Oct. 29, 2009) (same).

Finally, plaintiffs point out that the agreement contains not only a forum selection clause, but also a Texas choice of law provision, which defendant concedes is not enforceable under the dealership law. Bush v. National School Studios, Inc., 139 Wis. 2d 635, 644-45, 407 N.W.2d 883, 887-88 (1987) (refusing to apply Minnesota choice of law clause to dispute about dealership termination because Wisconsin Fair Dealership Law includes provision prohibiting it from being "varied by contract"). Plaintiffs cite Beilfuss v. Huffy Corp., 2004 WI App 118, 274 Wis. 2d 500, 685 N.W.2d 373, for the proposition that "[u]nder Wisconsin law, enforcement of a forum selection clause in a contract is unreasonable where a choice of law provision in the same contract is found to be invalid." Plts.' Br., dkt. #17, at 10. However, Beilfuss was about the enforceability of a noncompete agreement, which is not at issue in this case. Id. at ¶ 18 ("[I]t is unreasonable to enforce the forum selection clause because it violates Wisconsin's strong public policy governing covenants not to compete that we have previously identified and discussed."). The only

other reason the court gave for not enforcing the forum selection clause was that "[i]t is logical to have a court familiar with Wisconsin's statutory and common law covering covenants not to compete apply the law rather than a court in another forum, which is unfamiliar with Wisconsin's law or public policy supporting the law." Id.  However, in Atlantic Marine, 134 S. Ct. 568, 584, the Court rejected the view that a court may refuse to enforce a forum selection clause simply because one court might be more familiar with the law.  Plaintiffs have not identified any other reason why a choice of law provision and a forum selection clause should rise and fall together.  Stawski Distributing Co. v. Browary Zywiec SA, 349 F.3d 1023 (7th Cir. 2003) (concluding that forum selection clause was enforceable but choice of law provision was not).

If the forum selection clause is valid, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atlantic Marine, 134 S. Ct. at 575.  However, if transfer is impossible because the forum selection clause involves a state court, the federal court should use the same standard in determining whether to dismiss the case under the doctrine of forum non conveniens. Id. at 580 ("[C]ourts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.").

Because defendant does not allege that plaintiff Rolfe signed an agreement with a forum selection clause, I cannot dismiss the entire case.  However, plaintiffs do not argue that the inefficiency of requiring two similar cases to proceed in two courts qualifies as an "extraordinary circumstance" under Atlantic Marine, so I do not consider that issue.  In fact,

6

plaintiffs do not develop any argument under Atlantic Marine, but simply refer back to their arguments for invalidating the forum selection clause. Accordingly, I am granting defendant's motion to dismiss.

The dismissal of plaintiff Peterson's claims from this case raises a new jurisdictional question. In its amended notice of removal, dkt. #20, defendant relied on Peterson's alleged damages to show that the amount in controversy is greater than $75,000; defendant did not provide any specific information about the value of plaintiff Rolfe's claims. At the time, the omission was not dispositive because the court could rely on supplemental jurisdiction to hear Rolfe's claim as well. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005) (supplemental jurisdiction statute, 28 U.S.C. § 1367, permits exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy minimum amount-in-controversy requirement, as long as other elements of diversity jurisdiction are present and at least one named plaintiff satisfies amount-in-controversy requirement). Now that Peterson is being dismissed from the case, I am directing defendant to show cause why the case should not be remanded to state court.

## ORDER

IT IS ORDERED that

1. Defendant Network Funding, LP's motion to dismiss the complaint as to defendant Wayne Peterson's claims, dkt. #13, is GRANTED under the doctrine of forum non conveniens.

2. Defendant may have until May 30, 2014, to show cause why the case should not be remanded to state court.

Entered this 16th day of May, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge